**UNITED STATES of America,**
Plaintiff–Appellee,

v.

**Preston Lee WALKER, Defendant–Appellant.**

No. 04–41285.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided June 16, 2005.

Michelle S. Englade, Assistant U.S. Attorney, U.S. Attorney's Office Eastern District of Texas, Beaumont, TX, for Plaintiff–Appellee.

Frank Warren Henderson, Assistant Federal Public Defender, Federal Public Defender's Office Eastern District of Texas, Tyler, TX, for Defendant–Appellant.

the limited circumstances set forth in 5TH CIR. R. 47.5,4.

982

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM: *

Preston Lee Walker appeals the 57–month sentence received following his guilty-plea conviction for being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1), and for being a felon in possession of body armor, in violation of 18 U.S.C. § 931(a)(1). He renews his argument, preserved in the district court, that his constitutional rights were violated when the district court assessed a four-level adjustment, pursuant to U.S.S.G. § 2K2.1(b)(5) (firearms possessed in connection with another felony offense), based on judicially determined facts, citing *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

Pursuant to the recent decision in *United States v. Booker*, —— U.S. ——, ——, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005), for sentencing errors preserved in district court, "we will ordinarily vacate the sentence and remand, unless we can say the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure". *United States v. Akpan*, 407 F.3d 360, 375 (5th Cir.2005) (quoting *United States v. Mares*, 402 F.3d 511, 520 n. 9 (5th Cir. 2005), *petition for cert. filed*, —— U.S. ——, —— S.Ct. ——, —— L.Ed.2d —— (U.S. 31 March 2005) (No. 04–9517)). As the Government concedes, the four-level adjustment violated Walker's Sixth Amendment right to trial by jury. The Government further concedes it cannot demonstrate that the error was harmless.

Accordingly, Walker's sentence is **VACATED**, and this case is **REMANDED FOR RESENTENCING**. *See Mares*, 402 F.3d at 520 n. 9; *Akpan*, 407 F.3d at 376. Because resentencing is required based on the Sixth Amendment violation alone, we do not address the other sentencing issue raised by Walker.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR RESENTENCING*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.